CUNDY, Plaintiff in error, vs. THE STATE, Defendant in error.

*December 10, 1943—January 18, 1944.*

PER CURIAM. Upon complaint made October 1, 1941, the plaintiff in error, hereinafter called the "defendant," was arrested on December 22, 1942, upon a warrant issued out of the municipal court of Fond du Lac county. The complaint was read, whereupon the defendant requested a preliminary hearing and also signed an affidavit of indigence. Thereupon the court appointed Allan L. Edgarton, an attorney of Fond du Lac, as counsel for the defendant. Upon examination the defendant was bound over to the circuit court for Fond du Lac county for further proceedings. An information was filed by the district attorney charging the defendant with having on the 30th day of September, 1941, committed the crime of sodomy upon the person of one Walter Barthuly. The de-

fendant declined the appointment of counsel at the opening of the trial but when the state rested the court upon its own motion appointed John C. Tonjes, an attorney of Fond du Lac, as counsel for the defendant.

The case was tried before the court, a jury having been waived by the defendant. At the close of the trial the court found the defendant guilty and he was duly sentenced for the term not less than one nor more than five years in the state prison at Waupun.

Thereafter the defendant attempted to conduct his own case. He applied to this court for a writ of error which was issued on July 20, 1943. He consulted other counsel but after some consultation he apparently again determined to conduct his own case. Prior to the time that the writ of error was issued, he had asked that counsel be appointed by this court and was advised that the record must first be removed from the trial court to this court. After the record was filed in this court no further application for the appointment of counsel was requested and none was made. Advised that the matter would be on for hearing on December 10, 1943, the defendant submitted a written statement which the court has considered. It is not in the form of a brief but a somewhat disconnected statement of various matters. He says:

"This document is submitted to you not for the aim to free myself of any crime or involvement of which I am guilty, but to, through proper legal procedure, have my liberty returned to me for the very simple reason that I am serving a one to five year sentence for a crime that was not committed."

Before counsel can be appointed under the provisions of sec. 357.26, Stats., it must appear that there are reasonable grounds for seeking a review. We have carefully examined the record of the trial in this case and we find no grounds whatever warranting a review of the sentence imposed by the trial court. The rights of the defendant were at all times carefully guarded by the trial court. The testimony of the prin-

cipal witness was corroborated in every particular by the testimony of the defendant except as to the commission of the very act and the circumstances attending it. Otherwise there is no dispute in the testimony.

The trial was before the court and there are no errors as to the admission of testimony. While the sentence is from one to five years, that was no doubt due to the fact that the defendant just three months before the commission of this offense was discharged after serving a sentence of from four and one-half to five years for the same kind of an offense.

The defendant very earnestly urges that he be granted a new trial. There being no error in the record and it appearing that justice has been done, there are no grounds upon which this court can grant a new trial.

Upon the record, it is ordered that the judgment of the trial court be and it is hereby affirmed.